IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-01461-WYD

MICHAEL GUERZON and JESSAMINE GUERZON,

    Plaintiffs/Claimants,

v.

GENERAL STEEL DOMESTIC SALES, LLC d/b/a GENERAL STEEL CORPORATION, JEFFREY KNIGHT, JONAH GOLDMAN, BEN HANSEN, BRUCE GRAHAM, NATHAN WRIGHT AND DAUPHNE YAKOBSON,

    Defendants/Respondents.

**ORDER**

This Matter comes on before the Court on the Defendants' Motion to Dismiss Application to Confirm Final Arbitration Award and for Attorney Fees, filed June 27, 2011 [ECF No. 8]. Plaintiffs filed their response on July 19, 2011 [ECF No. 14] and Defendants' reply was received July 28, 2011 [ECF No. 15].

Defendants move to dismiss the Application filed by Plaintiffs on the basis that this Court lacks subject matter jurisdiction.  While they agree that there is diversity of citizenship between them and Plaintiffs, Defendants argue that the amount in controversy is far less than the $75,000 required by 28 U.S.C. § 1332(a).

"[W]e have a duty to ascertain whether we have jurisdiction prior to reaching the merits of [a case]." *Governor of Kan. v. Kempthorne*, 516 F.3d 833, 841 (10th Cir. 2008). The Federal Arbitration Act, 9 U.S.C. § 2,  does not bestow jurisdiction on a federal court.

Plaintiffs filed their Application to begin this case. The Application included no jurisdictional statements. It is undisputed that Plaintiffs are citizens of Washington and Defendants are citizens of Colorado. That is where agreement between the parties ends.

The parties urge different methods upon the Court when considering the amount in controversy on a request to confirm an arbitration award. Plaintiffs agree that the amount of the arbitration award that they seek to confirm is less than $75,000.00. Nevertheless, they argue that figure does not reflect the amount in controversy. Instead they urge a different measurement. Plaintiffs argue that Defendants urge the 'award approach' which is a minority view, rather than the 'demand approach' which looks at the amount sought in the arbitration itself.[1] They contend that the First, Ninth and D.C. Circuit courts have accepted the 'demand approach.'

Defendants argue in their reply that Plaintiffs are requesting that I make new law by choosing an alternative to which the Tenth Circuit Court of Appeals has not given its approval. They cite what appears to be the only Tenth Circuit case that has discussed this issue in the past decade. *Bad Ass Coffee Company of Hawaii v. Bad Ass Coffee Ltd. Partnership.*, 25 Fed.Appx. 738, 2001 WL 1334377 (10th Cir. 2001). That case appears to give a clear indication of the Tenth Circuit's inclinations on this subject. "To determine the amount in controversy we must look to the pecuniary effect an adverse declaration will have on either party to the lawsuit." 25 Fed.Appx. at 743, 2001 WL 1334377 at *3.

As the amount in controversy appears to be less than $20,000 when considering the award to Plaintiffs minus the amount they must pay to Defendants for costs and fees, I find

---

[1] Plaintiffs also discuss the 'remand approach' but as there is no request for a remand in this case, it is irrelevant.

that this Court lacks jurisdiction over Plaintiff's Application.

Defendants also request that they be awarded their attorney fees. Although the arbitrator already awarded them a substantial amount in fees, they argue that they are entitled to fees pursuant to 28 U.S.C. § 1927 because Plaintiffs' Application was brought in bad faith. Defendant also points to the award of attorney fees in its favor in 10-cv-2972 by Judge Arguello of this District.

In fact, the fees in the case before Judge Arguello were awarded because the case had been improperly removed from State Court. The Removal statutes provide for such an award. 28 U.S.C. § 1447(c). That obviously is not the case here. While I will not go so far as to make a finding of bad faith here, in light of the less than definitive case law on the jurisdictional amount in cases involving arbitration, I will note that counsel for these parties are skating on thin ice. The multitude of cases with these same counsel have not gone unnoticed. And while the present matter cannot remain in this Court, it does not appear that it should be refiled anywhere. The Final Arbitration Award at issue here is clear and does not appear to require any judicial interpretation. It is strongly suggested that counsel put aside their obvious personal animosity and behave like the professionals they are.

It is, therefore, ORDERED that Defendants' Motion to Dismiss Application to Confirm Final Arbitration Award is GRANTED.

It is further ORDERED that Defendants' request for Attorney Fees is Denied.

Dated: August 15, 2011.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE